■ In the Matter of IDA CHRISTINA L. HARAIN FIGUEROA et al., Appellants; LITTLE FLOWER CHILDREN'S SERVICES et al., Respondents. — Order, Family Court, New York County (Thorpe, J.), entered May 11, 1984, directing the immediate surrender by foster parents of a foster child to the Commissioner of Social Services, reversed, on the law and the facts and in the exercise of discretion, without costs.

We are not persuaded that the record was sufficiently developed on May 11, 1984, the first day of a scheduled hearing pursuant to section 392 of the Social Services Law to review the foster care status of Ida Christina L., to justify the decision of the Family Court Judge to direct the immediate unprepared removal of what was then a three-year-old child from the foster care parents with whom she had lived almost since birth. In issuing this order, the Family Court Judge was clearly influenced by the then-unexplained absence from the hearing of the foster parents and their counsel, an absence which appeared to confirm the claims of counsel representing opposing parties that the foster parents had entered on a calculated course of obstruction with regard to the legal proceedings that were in process.

Although the record discloses some questionable responses by the foster parents to the plan of the Little Flower Children's Services, the responsible agency, to return the child to her natural father, and the explanations offered by the foster parents and their counsel on the second day of the hearing for their absence on the first day are not entirely convincing, the record as a whole does not persuade us that there existed an adequate basis for the view that the foster parents would not conform their behavior to the directions of the court. No other compelling reason for the sudden removal is presented by the minutes of the hearing of May 11, which for the most part consisted of statements on information and belief of counsel and statements of two social workers embodying claims that were factually disputed by previously submitted sworn affidavits, and presented at best factual issues requiring further development.

In reaching this conclusion, we intimate no view whatever as to whether the evidence heard by the Family Court Judge thereafter, in what we understand to be a still continuing hearing, may not justify a change in the custodial arrangements of the child prior to the completion of the hearing, or on the completion of the entire hearing. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.